IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL ASKEW,                               )
                                          )
       Plaintiff,                  )
                                          )
v.                                        )    No. 06 C 4530
                                          )
SHERIFF OF COOK COUNTY,                   )
ILLINOIS, and BERNARDO LOPEZ,             )
                                          )
       Defendants.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Plaintiff Carl Askew's ("Askew") third amended complaint. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Askew alleges that in July 2004 he was a pre-trial detainee at the Cook County Department of Corrections. Askew claims that in July 2004 he filed a lawsuit against Defendant Officer Bernardo Lopez ("Lopez"), in which Askew accused Lopez, a prison guard, of using excessive force against Askew. According

1

to Askew, on August 21, 2004, after he filed the lawsuit, Lopez threw him to the ground without provocation. Askew allegedly then requested on August 23, 2004, that he be transferred to another division within the jail because he feared he would be harmed by the guards. On August 26, 2004, "unidentified guards" and Lopez allegedly left Askew alone with other inmates who proceeded to stab Askew. (TA Compl. Par. 8). Askew claims that he called for help, but the guards refused to help him. Askew brought the instant action against the Sheriff of Cook County, Illinois, ("Sheriff") and Lopez. Askew includes in his third amended complaint a claim alleging excessive force in violation of 42 U.S.C. § 1983 ("Section 1983") (Count I), a Section 1983 deliberate indifference claim (Count II), and a Section 1983 *Monell* claim (Count III).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(7) ("Rule 12(b)(7)") a defendant can move to dismiss an action based upon the plaintiff's "failure to join a party under" Federal Rule of Civil Procedure 19 ("Rule 19"). Fed. R. Civ. P. 12(b)(7); *see also Boulevard Bank Nat. Ass'n v. Philips Medical Systems Intern. B.V.*, 15 F.3d 1419, 1422 (7th Cir. 1994)(stating that "in deciding a Rule 12(b)(7)

2

motion to dismiss," the court "must apply Rule 19(b) if [the court] first determine[s] that the party to be joined satisfies the threshold requirements of Rule 19(a)"). Rule 19 provides the following:

> (a) Persons to be Joined if Feasible.
> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
>
> (b) Determination by Court Whenever Joinder not Feasible.
> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
>
> (c) Pleading Reasons for Nonjoinder.
> A pleading asserting a claim for relief shall state the names, if known to the

> pleader, of any persons as described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined.
>
> (d) Exception of Class Actions.
> This rule is subject to the provisions of Rule 23.

Fed. R. Civ. P. 19. A court should dismiss an action pursuant to Rule 12(b)(7) for failing to join an unavailable and indispensable party "[i]f there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants. . . ." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).

## DISCUSSION

Defendants argue that the County of Cook ("County") is an indispensable party in this action and that the court should dismiss the action because Asker failed to join the County as a Defendant. Under Illinois law, the doctrine of *respondeat superior* cannot be applied to county officers over which a county lacks control, *Moy v. County of Cook*, 640 N.E.2d 926, 928 (Ill. 1994), such as sheriffs who "are independently elected officials not subject to the control of the county." *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995). In *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947 (7th Cir. 2003) ("*Carver II*"), the Seventh Circuit quoted *Carver v. Sheriff of LaSalle County,* 787 N.E.2d 127, 141 (Ill. 2003)

4

("*Carver I*"), in regards to a judgment against a sheriff or settlement of claims brought against a sheriff in his official capacity. 324 F.3d at 947-48. The Court in *Carver II* stated that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a Sheriff's office in an official capacity." 324 F.3d at 948. In accordance with the ruling of the Supreme Court of Illinois, the Seventh Circuit stated that although an Illinois county lacks control over a sheriff, the county is required to indemnify judgments or settlements in actions brought against sheriffs, which makes the county a necessary and indispensable party in such actions. *Carver II*, 324 F.3d at 948 (stating that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity" and that "[b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation"). The holding in *Carver II* is consistent with Rule 19, which provides that a person is an indispensable party if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest. . . . " Fed. R. Civ. P. 19(a).

I. Applicability and Effect of *Carver*

Askew argues that *Carver II* is not applicable since Askew is suing Lopez, who is not an elected official as described in *Carver II*. Askew does not deny, however, that the Sheriff, who is also included as a Defendant in this action, is an elected official. Askew also alleges in the third amended complaint that he is suing the Sheriff in his official capacity. (TA Compl. Par. 2). In addition, Askew is seeking damages as relief in this action. (TA Compl. 5). Finally, although Askew also argues that the portion of the holding in *Carver II* dealing with the indispensable party issues is merely *dicta*, Askew cites no controlling precedent that holds contrary to *Carver II*. Thus, *Carver II* is controlling and applicable in this action.

II. Conflict with Illinois Law

Askew also criticizes the holding in *Carver II*, arguing that the holding "seems in conflict with Illinois law" and is "not in step with Illinois law" since, in theory, a sheriff can inform a county of an action brought against him and the county can intervene in the action. (Ans. 2). The fact that a county could seek to intervene in an action brought against a sheriff in no way undercuts the holding in *Carver II* that a county is deemed an indispensable party in such an action. The holding in *Carver II* is consistent with the Supreme Court of Illinois' holding in *Carver I*. We agree with

the holding in *Carver II* that a county is an indispensable party in cases such as the instant action.

III. Government Counsel

Askew argues that the County is on notice of this action and its interests are protected because the "Cook County State's Attorney's Office is representing the Sheriff of Cook County. . . ." (Ans. 2). However, the County State's Attorney that represents the Sheriff does not represent the County and thus must advance the Sheriff's interests rather than the County's interests. Neither such an argument regarding shared counsel is supported by any case law or consistent with the approaches mentioned above that have been provided by the Supreme Court of Illinois and the Seventh Circuit. Thus, based on all of the above, we conclude that the County is an indispensable party that should have been listed as a Defendant in this action.

We conclude that there is no way to reasonably structure the instant action in a fashion that would ensure that the rights of the County are protected in its absence. *See, e.g. Carver*, 324 F.3d at 948 (stating that "in the future counties must be named as parties and are entitled to remain in the suit, so that they may veto improvident settlements proposed (at their expense) by the independently elected officers").

Therefore, we grant Defendants' motion to dismiss.

IV.  Request for Leave to Amend

Askew also requests in his answer to the motion to dismiss for leave to file an amended complaint.  (Ans. 2).  The request is improper since Askew has not filed a properly supported motion for leave to amend his complaint, providing legal support, argument, and an explanation for Askew's contention that he should be given leave. Askew chose not to include the County as a Defendant.  Such a choice was not an initial inadvertent mistake either since Askew has twice been granted leave to file an amended complaint.  The third amended complaint fails to list the County, an indispensable party, as a Defendant.  Defendants indicate that they would be prejudiced if we were to allow Askew to file yet another complaint in this case and we agree that Defendants would be prejudiced.  Fed. R. Civ. P. 15(a); (Reply 3). Thus, we deny Askew's request for leave to file a fourth amended complaint.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   April 18, 2007